IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CODY S. ROBINSON, | ) | |
| | ) | Case No. CV-04-618-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **DECISION AND ORDER** |
| | ) | |
| TWIN FALLS HIGHWAY DISTRICT, a | ) | |
| Political Subdivision of the State of Idaho; | ) | |
| DAVE BURGESS, Individually and as | ) | |
| Director of the Twin Falls Highway | ) | |
| District, JOHN DOES 1 - 10 Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Plaintiff's Motion to Amend Complaint (Docket No. 34). Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Id. L. R. 7.1(b). Accordingly, the Court enters the following Order.

## BACKGROUND

**Memorandum Decision and Order - 1**

Plaintiff was terminated from his employment at the Twin Falls Highway District by Dave Burgess on August 13, 2003.  *Complaint*, p. 2 (Docket No. 1).  The Board of Commissioners upheld the termination decision on October 17, 2003.  *Id.*

On November 18, 2004, Plaintiff filed the within action in state court against the Twin Falls Highway District and Dave Burgess alleging (1) unlawful termination in violation of public policy, and (2) violation of his civil rights under 42 U.S.C. § 1983.  In addition to Twin Falls Highway District and Dave Burgess, the Complaint named as Defendants John Does 1-10 as "individuals associated with the Twin Falls Highway District who made or participated in the decision to terminate the Plaintiff's employment and otherwise deprived him of his rights . . . ."  The case was removed to this Court on December 13, 2004.  On February 25, 2005, the Court entered a Case Management Order (Docket No. 8).  The Order set deadlines of May 26, 2005 for amending pleadings and joining parties, September 15, 2005 for completing discovery, and October 14, 2005 for filing dispositive motions.

On the last day for filing dispositive motions, Defendants filed a Motion for Summary Judgment (Docket No. 11) supported by several Affidavits.  Thereafter, Plaintiff moved to strike portions of those Affidavits and filed several Affidavits in

**Memorandum Decision and Order - 2**

opposition to the summary judgment motion.  Defendants, in turn, filed a motion to strike several of the Plaintiff's Affidavits.  On December 16, 2005, following a hearing on the various motions, Judge David O. Ezra entered an Order (Docket No. 33) denying Defendant's Motion for Summary Judgment, granting in part and denying in part Defendants' Motion to Strike Portions of Affidavits Submitted by Plaintiff, and denying Plaintiff's Motion to Strike Portions of Affidavits.  Further, the Order barred Plaintiff from seeking punitive damages against the Highway District under either cause of action or against Mr. Burgess in his public policy claim.

On December 20, 2005, Plaintiff filed his Motion to Amend Complaint (Docket No. 34) based on Fed. R. Civ. P. 15 to add Dave Jones as a defendant in place of John Does 1 - 10, and to limit his previous punitive damages claim to the individual Defendants and only pursuant to 42 U.S.C. § 1983.  He requested the amendment so that the pleadings would conform to the evidence.  Plaintiff did not file a supporting Affidavit or Memorandum of law.  Defendants filed a timely Memorandum in Opposition to Plaintiff's Motion to Amend Complaint (Docket No. 37).  Plaintiff thereafter filed his Memorandum in Support of Motion to Amend Complaint (Docket No. 40) in which he asserts that the amendment is necessary based on evidence revealed during discovery and when interviewing

**Memorandum Decision and Order - 3**

witnesses and gathering affidavits in opposition to the summary judgment motion. However, he did not file a supporting Affidavit.

## APPLICABLE LAW AND DISCUSSION

Fed. R. Civ. P. 15 addresses amended and supplemental pleadings.  While Plaintiff does not specify the subsection on which he bases his Motion to Amend, it appears to be Rule 15(b) which provides in relevant part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.  Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgement; but failure so to amend does not affect the result of the trial of these issues. . . .

By its terms, Rule 15(b) concerns conforming the pleadings to the evidence on unpled issues where the evidence is presented during *trial* with the express or implied consent of the parties.  While the Ninth Circuit has applied Rule 15(b) to *pretrial* motions, it has done so only in cases where the unpled issues have, in fact, been argued during pretrial motions.  *See Bobrick Corp. v. American Dispenser Co.*, 377 F.2d 344 (9th Cir. 1967) (recognizing applicability of Rule 15(b) to motion to quash where unpled issue was argued before district judge who apparently thought the issue was before him); *Save Lake Washington v. Frank*, 641

**Memorandum Decision and Order - 4**

F.2d 1330, 1340 (9th Cir. 1981) (recognizing that *Bobrick* applied Rule 15(b) to issues raised in pretrial motions but finding district court had discretion to deny motion to amend on grounds of delay and prejudice); *Smith v. CMTA-IAM Pension Trust*, 654 F.2d 650 (9th Cir. 1981) (citing *Bobrick*, treating pleadings as amended for purposes of appellate review of unpled Erisa and state claims that had been briefed and argued on summary judgment).

    Unlike the cases cited above, during the summary judgment proceedings here, the parties did not litigate the issue of whether Mr. Jones is a proper party in this litigation or treat him as if he were a party. This is not a case of an unpled issue being tried or argued during pretrial motions with the express or implied consent of the parties. Furthermore, Plaintiff does not cite any cases in support of his attempt to add a party pursuant to Rule 15(b). The only case addressing adding a party pursuant to Rule 15(b) that has come to the Court's attention is *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002). However, the circumstances of *Chao* are quite distinguishable. There, the party had been named in the complaint in a count that was later dismissed, and the party continued to be treated as a defendant by the plaintiff, remaining defendants, and the court throughout the motion proceedings on the remaining counts.

    Rule 15 provides another avenue for amending pleadings. Pursuant to

**Memorandum Decision and Order - 5**

subsection (a), following a responsive pleading, a party may amend its pleading by leave of court freely given or written consent of the adverse party. However, once a scheduling order has been entered pursuant to Rule 16(b), the more restrictive provisions of that subsection requiring a showing of "good cause" for failing to amend prior to the deadline in that order apply. *See Coleman v. Quaker Oats*, 232 F.3d 1271, 1272 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The relevant inquiry under Rule 16(b) is the diligence of the party seeking the amendment and not any potential prejudice to the opposing party. *Johnson*, 975 F.2d at 609. In other words, the Court must evaluate "the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)(citing *Johnson*, 975 F.2d at 609). Any prejudice to the opposing party can be an additional reason to deny a motion to amend, but it is not the main focus of the Court's inquiry. *Johnson,* 975 F.2d at 609. If the moving party "was not diligent, the inquiry should end." *Id.*

According to Defendants' Initial Disclosures, Plaintiff was aware of Mr. Jones's involvement in the decision to terminate him well before filing this action. The Twin Falls Highway District provided Mr. Jones's notes to Plaintiff's counsel on October 7, 2003. *Kane Aff.* (Docket No. 37), Ex. A at pp. 3, 6. Furthermore, Defendant's

Initial Disclosures clearly identify Mr. Jones as a witness who had information regarding personnel matters, assignment of Plaintiff during his employment, and Plaintiff's work performance. *Id.* Likewise, Defendant's Answers and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents specifically list the notes of Dave Jones pertaining to Plaintiff's behavior, attitude, and performance as part of the basis of establishing facts relevant to Plaintiff's termination. *Id.*, Ex. C. Five pages of Mr. Jones's notes were again produced at that time. *Id.* The Initial Disclosures were provided on February 28, 2005, and Answers and Responses were submitted to Plaintiff on March 31, 2005, both well before the May 16, 2005 deadline for amending pleadings or joining parties.

Plaintiff now contends in his late-filed supporting Memorandum that in the beginning, the role of Mr. Jones in his termination was "less clear" than that of Mr. Burgess who made the decision to terminate him. He contends he only became aware of the extent of Mr. Jones's involvement in his termination after interviewing witnesses and gathering affidavits to respond to Defendant's Motion for Summary Judgment.

Plaintiff does not deny that he was provided with Mr. Jones's notes as early as October of 2003. He does not deny that the notes were provided with discovery by March 31, 2005 or that Mr. Jones was listed as a person with discoverable

**Memorandum Decision and Order - 7**

information. In fact, Plaintiff himself listed Mr. Jones and Mr. Jones's notes in his Initial Disclosures which were submitted on March 2, 2005, well before the deadline for joining parties. *Kane Aff.*, Exhibit B. Plaintiff's Supporting Memorandum refers to the Affidavits of Alex McKay, Mark Samuel Parker, and Terry Behrens as disclosing information indicating Mr. Jones's possible involvement in the decision to terminate him. However, Plaintiff had listed at least two of these individuals as persons with discoverable information in his Initial Disclosures. He offers no explanation for not having elicited that information earlier from them.

Knowing of the facts forming the basis for the proposed amendment prior to the deadline for amending precludes a finding of due diligence. *Synopsys, Inc. v. Richoh Co., Ltd.*, 2005 WL 3370010 at *3 (Dec. 12, 2005). *See also Rowen v. New Mexico*, 210 F.R.D. 250, 253 (D. N.Mex. 2002) (denying motion to amend to add new parties in § 1983 action filed a month after deadline with no reason given for delay where Plaintiff knew of need to name individual defendants). Likewise, a significant amount of time between filing of the complaint and the motion to amend has been held to preclude amendment. *See Hayes v. New England Millwork Distribs., Inc.*, 602 F.2d 15, 19-20 (1st Cir. 1979) (where considerable time has elapsed, movant has burden of showing "some valid reason for his neglect and delay"); *Grant v. News Group*, 55 F.3d 1, 6 (1st Cir. 1995) (affirming district court's denial of motion to amend

submitted 14 months after the filing of the complaint and after the close of discovery); *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983) (deeming a 17-month delay between the initiation of the action and the motion to amend, served 10 days prior to the close of discovery, to be undue); *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49 (1st Cir. 1998) (affirming district court's denial of motion to amend to include additional defendants where 15 months elapsed between complaint and motion to amend and the discovery period had expired).

## CONCLUSION

Plaintiff did not file his motion to amend until 13 months after the initial complaint, over 7 months after the motion to amend deadline, and over 3 months after the discovery deadline. Rule 16(b) rather than Rule 15 (a) or (b) governs the standard for amending the Complaint to add a party in this proceeding. Plaintiff has failed to establish the requisite good cause for failing to move to add Mr. Jones within the time frame set by the Court when he had knowledge of Mr. Jones's involvement possibly as early as October 7, 2003 but at least by March 31, 2005. Additionally, Defendants would be prejudiced by adding Mr. Jones at this late date after the deadlines for discovery and dispositive motions have passed. As noted by the Ninth Circuit, reopening discovery with resulting delay in the proceedings supports a finding of prejudice from a delayed motion to amend. *Coleman*, 232

F.3d at 1294-95 (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).  While a finding of prejudice is not required under Rule 16(b), it is an added consideration in the Court's decision to deny the Motion to Amend Complaint.

The Court finds that it is unnecessary to address Defendant's additional grounds of opposition to the Motion to Amend which include statute of limitations and qualified immunity defenses.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint (Docket No. 35) is DENIED.

DATED:  **March 1, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 10**